**United States District Court**
For the Northern District of California

1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   RICHARD R. BERTOLINA,                    No. C 10-05250 CW

8              Plaintiff,                     ORDER GRANTING
                                             DEFENDANT WACHOVIA'S
9        v.                                  MOTION TO DISMISS
                                             (Docket No. 5).
10  WACHOVIA MORTGAGE, FSB;
    EXECUTIVE TRUSTEE SERVICES, LLC;
11  AND DOES 1 to 10,

12             Defendants.
   _____/
13

14

15       Plaintiff Richard R. Bertolina brings statutory and common law

16  claims against Defendants Wachovia Mortgage, FSB and Executive

17  Trustee Services, LLC (ETS) for their alleged conduct related to an

18  adjustable rate mortgage obtained by Plaintiff.  Wachovia removed

19  the action to this Court on the basis of diversity jurisdiction and

20  moves under Rule 12(b)(6) to dismiss the complaint or, in the

21  alternative, to require of Plaintiff a more definite statement of

22  his claims under Rule 12(e).  Plaintiff opposes the motion.  The

23  motion was taken under submission on the papers.  Having considered

24  all the papers filed by the parties, the Court grants Wachovia's

25  motion to dismiss.[1]

26  _____

27       [1] Because the complaint is dismissed, the motion for a more
    definite statement of Plaintiff's claims under Rule 12(e) is denied
28  as moot.

**United States District Court**
For the Northern District of California

1

BACKGROUND

2   The following facts are taken from Plaintiff's complaint.  In

3 2006, Plaintiff obtained an adjustable rate mortgage from Defendant

4 Wachovia's predecessor in the amount of $800,000, secured by a deed

5 of trust on Plaintiff's single-family residence in Sausalito,

6 California.[2]  Compl. ¶¶ 3, 5.  Although the complaint does not

7 describe the chain of events leading up to the foreclosure of

8 Plaintiff's property, it appears that Plaintiff failed to make

9 timely payments and defaulted on the loan.  Compl. ¶ 7.  When

10 Defendant Wachovia and Defendant ETS, the trustee under the

11 property's deed of trust, threatened a nonjudicial foreclosure sale

12 of the property, Plaintiff commenced this action.  Compl. ¶ 1, 9.

13   Plaintiff alleges that Defendant Wachovia engaged in illegal

14 predatory lending practices; failed to apprise Plaintiff of the

15 risks attending a negative amortization loan; exerted undue

16 pressure on Plaintiff to enter into the loan agreement; and

17 authorized the mortgage with knowledge that Plaintiff did not have

18 the financial means to make timely payments.  Compl. ¶ 4, 6-7, 10.

19 He argues that Defendant Wachovia is not the rightful owner of an

20 interest in Plaintiff's property and that both Defendants lack

21 standing to initiate a foreclosure sale.  Compl. ¶ 11.

22   Plaintiff brings four state law claims against Defendant

23 Wachovia: (1) violation of the Elder Abuse and Dependent Adult

24 Civil Protection Act (Elder Abuse Act), Cal. Welf. & Inst. Code

25

26    [2] At the time of the transaction, the mortgagee operated under
27 the name World Savings Bank. Defendant Wachovia is its successor-in-interest.  Compl. ¶ 8.

28

2

§ 15610.30; (2) violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 et seq.; (3) "breach of [the] implied covenant of good faith & fair dealing/conversion," which the Court understands to be two separate causes of action; and (4) negligent misrepresentation.  Additionally, Plaintiff asserts a cause of action for unfair debt collection practices against Defendants Wachovia and ETS.  He seeks damages, restitution under Cal. Bus. & Prof. Code § 17200, and injunctive relief.[3]

LEGAL STANDARD

I. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint pleads sufficient facts to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

---

[3] Plaintiff states in his complaint that, against ETS, he seeks only injunctive relief.  Compl. ¶ 9.

3

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). The court must examine whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

II. Rule 9(b)

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987), provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." In re GlenFed, Inc., Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Scienter may be averred generally, simply by saying that it existed. See id. at 1547; see Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally."). As to matters peculiarly within the opposing party's knowledge, pleadings based on information and belief may

4

1   satisfy Rule 9(b) if they also state the facts on which the belief

2   is founded.  <u>Wool</u>, 818 F.2d at 1439.

3                              DISCUSSION

4        Defendant Wachovia moves to dismiss Plaintiff's state law

5   claims on the basis that they are preempted by the Home Owners'

6   Loan Act (HOLA).  Defendant Wachovia also moves to dismiss the

7   complaint on the basis that Plaintiff fails to state a claim upon

8   which relief may be granted and, in the alternative, requests a

9   more definite statement of the claims under Rule 12(e).

10  I.   Preemption of State Law Claims by the Home Owners' Loan Act

11       Defendant Wachovia contends that HOLA, 12 U.S.C. § 1461 <u>et</u>

12  <u>seq.</u>, preempts each of Plaintiff's state law causes of action:

13  alleged violations of the Elder Abuse Act; California's UCL; breach

14  of the implied covenant of good faith and fair dealing; conversion;

15  negligent misrepresentation; and unfair debt collection practices,

16  insofar as it is a state law claim.

17       Defendant Wachovia asserts without opposition that its

18  corporate predecessor World Savings Bank, the original mortgagee,

19  was a federal savings association (FSA) governed by HOLA, and that

20  Defendant Wachovia's current operations bring it within the ambit

21  of the Act.[4]  HOLA authorizes the federal Office of Thrift

22  Supervision (OTS) to regulate federal savings associations.  12

23  U.S.C. § 1463(a).  Based on this broad grant of congressional

24  authority, OTS promulgated 12 C.F.R. § 560.2, which provides:

25  _____

26       [4] Documents submitted by Defendant Wachovia support this claim.
    Def.'s Request for Judicial Notice, Ex. 1-5.  Because Defendant's
27  request for judicial notice is not opposed by Plantiff, the request
    is granted.

28                                  5

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6

> OTS hereby occupies the entire field of lending
> regulation for federal savings associations. OTS
> intends to give federal savings associations maximum
> flexibility to exercise their lending powers in
> accordance with a uniform federal scheme of regulation.
> Accordingly, federal savings associations may extend
> credit as authorized under federal law, including this
> part, without regard to state laws purporting to
> regulate or otherwise affect their credit activities...

7
Id. § 560.2(a).

8
9
10
11
12
13
14
15
16

Under § 560.2(b), HOLA preempts state laws that "impose requirements" on FSAs related to: (1) the terms of a credit agreement (§ 560.2(b)(4)); (2) property held as security in a transaction (§ 560.2(b)(7)); (3) disclosure and advertising (§ 560.2(b)(9)); and (4) transactions involving mortgages (§ 560.2(b)(10)).  Despite OTS's intent to occupy the entire field, the preemptive reach of HOLA is not without limits.  State laws are not preempted by HOLA if they "only incidentally affect the lending operations of Federal savings associations." § 560.2(c).

17
18
19
20
21
22
23
24
25
26
27

Plaintiff first alleges that Defendant Wachovia violated the Elder Abuse Act by obtaining an interest in Plaintiff's property through deceit and for wrongful reasons.  Compl. § 16.  Plaintiff also alleges that Defendant Wachovia violated California's Unfair Competition Law by using "illegal, unfair, and wrongful practices" to convert Plaintiff's property.  Compl. § 19.  Both causes of action are preempted by HOLA because the application of these state laws would function as a regulation of a credit transaction, § 560.2(b)(4), and divest Defendant Wachovia of a security interest in Plaintiff's property, § 560.2(b)(7).  Section 560.2(b)(10) also bars these claims because they interfere with the "processing,

28

origination, servicing, sale or purchase of, or investment or
participation in, mortgages."

The third cause of action alleges that Defendant Wachovia
(1) breached the implied covenant of good faith and fair dealing by
selling Plaintiff a negative amortization loan; and (2) converted
Plaintiff's property by threatening to seize it in bad faith.
Compl. ¶ 22-24.  This claim is preempted under § 560.2(b)(4)
because it attempts to rewrite the terms of a credit agreement,
"including amortization of loans."  Further, the claims for breach
of the implied covenant and conversion are preempted by HOLA under
§ 560.2(b)(7) because they regulate security property and under
§ 560.2(b)(10) because they interfere with investment and
participation in a mortgage.[5]

The fourth cause of action in the complaint alleges that
Defendant Wachovia made negligent misrepresentations by deceiving
Plaintiff about the terms of the loan and failing to make important
disclosures about the nature of his adjustable rate mortgage.
Compl. ¶ 25-27.  This claim is preempted under § 560.2(b)(9), which
bars the application of state law regulating the disclosure and
advertising practices of federal savings associations, including
"laws requiring specific statements, information, or other content
to be included in credit application forms, credit solicitations,
billing statements, credit contracts, or other credit-related
documents and laws requiring creditors to supply copies of credit

---

[5] Plaintiff's conversion claim is not saved by the exception for
tort claims in § 560.2(c)(4) because it is not merely incidental to
the lending operations of Defendant Wachovia.

reports to borrowers or applicants."

To the extent that it is a state law claim, Plaintiff's fifth cause of action for unfair debt collection practices is preempted under § 560.2(b)(10) because it regulates the "servicing" of a mortgage.

None of Plaintiff's state law claims falls under the exceptions to HOLA's preemptive effect in § 560.2(c) because they directly relate to the lending operations of Defendant Wachovia, a federal savings association.  Plaintiff argues in his opposition that Defendant Wachovia violated "Regulation Z", 12 C.F.R. § 226 et seq., by extending credit to Plaintiff based solely on the value of his home and that, on this basis, his state law claims should be permitted to proceed.  Opp'n at 3.  However, the federal regulation cited by Plaintiff neither implicates the scope of HOLA's preemptive effect nor gives rise to an independent cause of action.

HOLA preempts each of the causes of action alleged in the complaint except for the unfair debt collection practices claim, to the extent that Plaintiff seeks relief under federal law.  Because these causes of action are preempted, they are dismissed with prejudice.

II.  Motion to Dismiss for Failure to State a Claim

A. Elder Abuse

Defendant Wachovia argues that Plaintiff fails to state a claim for relief under the Elder Abuse Act because he does not plead a violation of the statute with particularity.  Defendant Wachovia contends that claims based on a violation of a California statute must be pleaded with particularity in order to survive a

Rule 12(b)(6) motion to dismiss.

A defendant may be held liable for financial abuse of an elder if it "[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30(a)(1). An acquisition of property by a defendant accomplished by false statements can constitute financial elder abuse. See Zimmer v. Nawabi, 566 F. Supp. 2d 1025, 1034 (E.D. Cal. 2008). When the gravamen of an alleged Elder Abuse Act violation is fraud, the plaintiff must comply with the heightened pleading requirements of Rule 9(b). See Trapp v. Chase Home Finance, LLC, 2010 WL 4703864 at *6 (C.D. Cal.).

Plaintiff's claim for relief under the Elder Abuse Act is grounded in fraud. Throughout the complaint, Plaintiff refers to Defendant Wachovia's practices as "wrongful," "predatory," "deceptive," and "deceitful." Compl. ¶ 6, 7, 16. Plaintiff must therefore plead a violation of the Elder Abuse Act with particularity. Plaintiff's complaint does not identify the manner in which Defendant Wachovia purportedly violated the Elder Abuse Act. It merely states that Defendant Wachovia violated the Act by obtaining a security interest in Plaintiff's property through "deceitful, wrongful, illegal conduct." Compl. ¶ 16. This vague legal conclusion fails to put Defendant Wachovia on notice as required by Rule 8(a) and does not satisfy Plaintiff's Rule 9(b) obligation to plead fraud with particularity.

In his opposition, Plaintiff characterizes the allegation as one of bad faith and not fraud, but this cannot relieve him of the

United States District Court
For the Northern District of California

9

United States District Court
For the Northern District of California

Rule 9(b) requirement to plead with particularity. When a claim is "grounded in fraud," a plaintiff must plead with particularity even "where fraud is not a necessary element of a claim." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-05 (9th Cir. 2003).

Because Plaintiff fails to plead an allegation of fraud with particularity, he does not state a cognizable claim for relief under the Elder Abuse Act.

B. Unfair Competition

Defendant Wachovia argues that Plaintiff fails to allege sufficient facts giving rise to a claim for relief under California's Unfair Competition Law.

California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). Violation of almost any federal, state, or local law may serve as the basis for a UCL claim. Saunders v. Superior Ct., 27 Cal. App. 4th 832, 838-39 (1994). In addition, a business practice may be "unfair or fraudulent in violation of the UCL even if the practice does not violate any law." Olszewski v. Scripps Health, 30 Cal. 4th 798, 827 (2003). Plaintiffs alleging a violation of the UCL must meet the heightened pleading standards of Rule 9(b). Vess, 317 F.3d at 1102-05.

Plaintiff contends that the complaint states a claim because it identifies Defendant Wachovia's alleged violation of federal lending regulations as a predicate for an action under the UCL.

Specifically, Plaintiff argues that Defendant Wachovia violated 12 C.F.R. § 226.32 by approving a negative amortization loan and § 226.34 by extending credit to Plaintiff based solely on the value of his collateral.  Without factual support, however, these alleged violations of federal regulations amount to conclusory statements of law, which will not satisfy Rule 8(a) or Rule 9(b).  Plaintiff's complaint provides no facts showing that the mortgage sold by Defendant Wachovia to Plaintiff qualifies as a closed-end home mortgage under § 226.32.  It also includes no facts showing that Defendant Wachovia approved Plaintiff's loan based solely on the value of his property.

Because the complaint includes no facts supporting predicate violations and does not allege an independent violation of the UCL, Plaintiff fails to state a claim for unfair competition.

C. Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendant Wachovia argues that Plaintiff's complaint does not include sufficient factual support to state a claim for breach of the implied covenant of good faith and fair dealing.

In a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must plead the existence of a contractual relationship because "the covenant is an implied term in the contract."  Smith v. City & County of San Francisco, 225 Cal. App. 3d 38, 49 (1990).  "The implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract."  Pasadena Live, LLC v. City of

11

**United States District Court**
For the Northern District of California

1  <u>Pasadena</u>, 114 Cal. App. 4th 1089, 1094 (2004) (emphasis in

2  original).

3      While Plaintiff and Defendant Wachovia are in a contractual

4  relationship, Plaintiff neglects to explain how Defendant Wachovia

5  has precluded him from receiving benefits due under the loan

6  agreement.  The complaint alleges that Defendant Wachovia refused

7  to modify the terms of the loan, created in Plaintiff a false sense

8  of security that the loan could be paid off, and has attempted to

9  foreclose the property, but these actions do not deprive Plaintiff

10  of any benefits under the contract as originally written.

11      Because the complaint does not give Defendant Wachovia fair

12  notice of a cognizable claim for breach of the implied covenant of

13  good faith and fair dealing, Plaintiff's cause of action fails.

14      D. Negligent Misrepresentation

15      Defendant Wachovia argues that Plaintiff's claim for negligent

16  misrepresentation fails because it does not conform to the

17  heightened pleading standard for allegations of fraud required by

18  Rule 9(b).

19      The elements of negligent misrepresentation are

20  "(1) misrepresentation of a past or existing material fact,

21  (2) without reasonable ground for believing it to be true, (3) with

22  intent to induce another's reliance on the misrepresentation,

23  (4) ignorance of the truth and justifiable reliance on the

24  misrepresentation by the party to whom it was directed, and

25  (5) resulting damage."  <u>Lincoln Alameda Creek v. Cooper Indus.,</u>

26  <u>Inc.</u>, 829 F. Supp. 325, 330 (N.D. Cal. 1992).  A cause of action

27  for negligent misrepresentation must meet the heightened pleading

28                                12

standard of Rule 9(b).  <u>Glen Holly Entm't, Inc. v. Tektronix, Inc.</u>, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999).

Plaintiff's complaint generally alleges that Defendant Wachovia made misrepresentations related to Plaintiff's adjustable rate mortgage, loan modification policies, assignment of the trust deed, and the foreclosure process.  Compl. ¶ 27.  The complaint does not identify with specificity the alleged misrepresentations made by Defendant Wachovia, show that Plaintiff was ignorant of the truth, or include facts that demonstrate how Defendant Wachovia's misrepresentations induced his reliance.

Because the complaint does not plead allegations of negligent misrepresentation with particularity, this cause of action fails.

E. Unfair Debt Collection Practices

Defendant Wachovia argues that Plaintiff's cause of action for unfair debt collection practices is deficient because the complaint does not contain sufficient facts showing that Plaintiff is entitled to relief.  Defendant Wachovia also argues that the claim should be dismissed because, under the Fair Debt Collection Practices Act, Wachovia is not a debt collector and the nonjudicial foreclosure it seeks is not a qualifying debt collection.

Plaintiff's complaint argues only that Defendants Wachovia and ETS have used "unfair, unconscionable and misleading collection practices . . . in violation of the state and federal laws regulating collection practices."  Compl. § 29.  The complaint does not identify the state or federal laws it alleges Defendants violated.  Further, neither the complaint nor the opposition to Defendant Wachovia's motion to dismiss includes a single fact

13

showing that Defendants meet the statutory definition of debt collector under state or federal law or that the nonjudicial foreclosure sought by Defendants is a debt collection.

In its current form, the complaint pleads insufficient facts to put Defendants on notice of a legally cognizable claim against them.  Accordingly, Plaintiff fails to state a claim for unfair debt collection practices.

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Wachovia's motion to dismiss and DENIES as moot its motion for a more definite statement of the pleadings under Rule 12(e).

Because federal law preempts Plaintiff's causes of action for elder abuse, unfair competition, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, and unfair debt collection practices under state law, amendment of these claims would be futile.  These claims are dismissed without leave to amend.

Plaintiff is not barred from stating a claim under federal law for unfair debt collection practices but pleads insufficient facts to put Defendants on notice.  Accordingly, the Court dismisses this cause of action against Defendant Wachovia with leave to amend. Because this cause of action is asserted against both parties, and they are similarly situated, the Court also dismisses this claim against ETS with leave to amend.  See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (court may sua sponte dismiss action as to defendants who have not moved to dismiss, where such defendants are in a position similar to that of moving

14

defendants or where claims against such defendants are integrally related).

Plaintiff may file an amended complaint fourteen days from the date of this Order.  Failure to file an amended complaint within fourteen days will result in a dismissal of his action for failure to prosecute.  If Plaintiff files an amended complaint, Defendants shall answer or move to dismiss twenty-one days after it is filed. Plaintiff shall file an opposition fourteen days after Defendants file a motion to dismiss.  Any reply will be due seven days after Plaintiff files his opposition.  Any motion to dismiss will be taken under submission on the papers.  A case management conference will be held on October 25, 2011 at 2:00 pm.

IT IS SO ORDERED.

Dated: August 9, 2011

CLAUDIA WILKEN
United States District Judge